## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11-cv-373-RJC

JORGE GALEAS, JR.,            )
            )
     (also known as "Jorge Gevara")   )
            )
          **Plaintiff,**       )
            )
     **v.**               )       **<u>ORDER</u>**
            )
LAWRENCE PARSONS, KORY    )
DALRYMPLE,             )
            )
          **Defendants.**    )
_____ )

     **THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e)

and § 1915A.  Plaintiff is proceeding in forma pauperis.  For the reasons explained below, the

Court dismisses Plaintiff's Complaint as moot.

## I.      BACKGROUND

     Plaintiff is a former inmate of Lanesboro Correctional Institution who is now imprisoned

at Pasquotank Correctional Institution.  Defendants Lawrence Parsons and Kory Dalrymple are

alleged to be officials at Lanesboro Correctional Institution.  In the Complaint, filed on July 29,

2011, Plaintiff alleges: "I'm being denied shave at all time at segregation only because I refuse to

cut my goatee only because I'm not Muslim.  The rule is enforced as a punishment and not for a

security reason at all to maintain or restore discipline but to cause violence and emotional

distress."  (Doc. No. 1 at 5).  Plaintiff alleges that Defendants violated his First, Fourth, Fifth,

1

Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution. (Id. at 3). For relief, Plaintiff seeks the following:

> I want the court to make prison officials to respect my rights and to make them to obey the U.S. Const. and other laws including the N.C. D.O.C. policy. I want to be provided with my right to shave, with my right to keep my goatee during confined in segregation, I Com, Max, or Super Max and any additional relief this court deems just, proper, and equitable. I want to be free from such denial that causes cruel and unusual punishment, to prevent any crime that I don't want to do.

(Id.).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

Plaintiff's Complaint must be dismissed as moot because he seeks only injunctive relief, and he is no longer incarcerated at Lanesboro Correctional Institution. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

2

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice as moot. 28 U.S.C. §§ 1915(e), 1915A(b). The Clerk is directed to close the case.

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

3